UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WRIGHT'S WELL CONTROL SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO: 15-1720 |
| OCEANEERING INTERNATIONAL, INC. AND CHRISTOPHER MANCINI | SECTION: R |

## ORDER AND REASONS

Before the Court is plaintiff Wright's Well Control Services's ("WWCS") motion for separate trials on its patent infringement claim and its state law claims against defendants Oceaneering International, Inc. and Christopher Mancini. For the following reasons, the motion is denied.

## I.  BACKGROUND

This case centers on a technological system for removing hydrates from subsea, deepwater pipelines.[1] WWCS alleges that it developed a hydrate remediation system that offered many advantages over competing systems and provided a faster, safer, and more cost-effective way to clear hydrates in deepwater environments. WWCS then joined with defendant Oceaneering to

---

[1] Unless otherwise noted, the Court draws these facts from a prior order in this case. *See* R. Doc. 56.

complete a number of joint hydrate remediation projects using WWCS's technology.  In furtherance of this arrangement, the parties executed a non-disclosure agreement ("NDA"), which restricted each party's use of confidential and proprietary information that it received under the NDA.  WWCS alleges that Oceaneering and one of its employees, Mancini, ignored these restrictions and used WWCS's proprietary information to build their own hydrate remediation system.  WWCS further alleges that Oceaneering used this system to compete against WWCS for hydrate remediation projects.

According to WWCS, after the parties executed the NDA, David Wright and Jeffrey Dufrene filed a patent application claiming, among other things, the subsea separator employed in WWCS' hydrate remediation system.  The application was granted, and Wright and Dufrene assigned all rights and interests in U.S. Patent Number 8,413,725 (the "'725 Patent") to WWCS.  WWCS charged Oceaneering with direct and indirect infringement of the '725 patent.

WWCS filed this suit on May 21, 2015 pleading patent infringement, breach of contract, and numerous tort claims against Oceaneering and Mancini.[2]  WWCS also alleged that both defendants misappropriate its trade

---

[2] R. Doc. 1.

secrets in violation of both the Texas Uniform Trade Secrets Act (TUTSA) and the Louisiana Uniform Trade Secrets Act (LUTSA). Defendants moved to dismiss every non-patent claim under Federal Rule of Civil Procedure 12(b)(6), arguing that each claim was time-barred and raising other challenges to the sufficiency of WWCS's pleadings. On November 11, 2016, the Court granted in part and denied in part defendants' motion, dismissing WWCS's TUTSA claims and certain breach of contract claims with prejudice and dismissing WWCS's fraudulent inducement claims without prejudice and with leave to amend.[3] On December 8, 2015, WWCS filed its second amended complaint re-alleging many of its prior causes of action.[4]

WWCS now moves to bifurcate this case into separate trials under Federal Rule of Civil Procedure 42(b).[5] Specifically, WWCS contends that the Court should separate issues relating to its patent infringement claim from issues relating to its trade secret misappropriation, breach of contract, and other claims under state law. According to WWCS, this arrangement will streamline this lawsuit, reduce the risk of juror confusion, and permit faster resolution of WWC's state law causes of action. Defendants oppose the motion

---

[3] R. Doc. 56.

[4] R. Doc. 69.

[5] R. Doc. 55.

on a number of grounds, including that WWCS's patent and state law claims are factually intertwined and that bifurcation would prejudice defendants by delaying final resolution of this case and increasing defendants' legal expenses.[6]

## II. DISCUSSION

Under Federal Rule of Civil Procedure 42(b), a district court may order a separate trial of any claim "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy . . . ." Fed R. Civ. P. 42(b). Separate trials, however, are the exception, not the rule. *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed."); *Laitram Corp. v. Hewlett–Packard Co.*, 791 F.Supp. 113, 114-15 (E.D.La.1992) (noting that "in patent cases, as in others, separate trials should be the exception" and that "courts should not order separate trials unless such a disposition is clearly necessary."). Moreover, the Fifth Circuit has cautioned district courts that the "issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice."

---

[6] R. Doc. 57.

*Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964) (citing *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 499-500 (1931)).

WWCS argues that bifurcation is necessary to streamline this case and avoid the risk of confusing jurors through the simultaneous presentation of different facts and claims. The Court finds this argument unpersuasive. In every lawsuit involving multiple claims, jurors are required to weigh the evidence for each claim individually, and that obligation will present no undue burden on the jury in this case. *See Lott v. Eastman Kodak Co.*, No. 3:97-CV-2560-P, 1999 WL 242688, at *4 (N.D. Tex. Apr. 16, 1999) (rejecting juror confusion claim). Moreover, the Court can address any potential risk of prejudice or juror confusion by carefully instructing the jury on the applicable law. *See Guedry v. Marino*, 164 F.R.D. 181, 186 (E.D. La. 1995) (noting that the risk of jurors becoming confused by the "sheer number of claims presented . . . . can be addressed by instructions").

Nor are the specific circumstances cited by WWCS--its inability to post a bond in connection with a prior motion for preliminary injunctive relief--so unusual as to warrant bifurcation. Rather, the Court finds that bifurcation would not further the interests of judicial efficiency, convenience, or fairness. While bifurcation might facilitate quicker resolution of WWCS's state law causes of action, it would delay resolution of WWCS's patent infringement

5

claim, thereby prolonging the litigation between the parties. The Court finds that defendants would be prejudiced by the delay that would result if the Court ordered separate trials with separate discovery schedules. *Laitram Corp.*, 791 F. Supp. at 116 (noting that unreasonable delay in disposition of the entire case would prejudice the party opposing bifurcation). These unnecessary expenses and delays outweigh any prejudice that would result from any potential confusion of trying all issues at once.

After balancing the parties' competing claims of prejudice, considering the convenience to the Court and litigants, and assessing the interests of judicial economy, the Court finds that these considerations weigh against WWCS's motion to bifurcate.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion to bifurcate is DENIED.

New Orleans, Louisiana, this 25th day of February, 2016.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE