**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| WRIGHT'S WELL CONTROL SERVICES, LLC | § § § | CIVIL ACTION NO. 2:15-CV-1720 |
| *Plaintiff*, | § § § | JUDGE SARAH VANCE |
| | § § | MAGISTRATE JUDGE KNOWLES |
| v. | § § § | |
| | § § | JURY TRIAL DEMANDED |
| OCEANEERING INTERNATIONAL, INC., AND CHRISTOPHER MANCINI, INDIVIDUALLY | § § § § | |
| *Defendants*. | § § | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO DE-DESIGNATE DOCUMENTS AND MODIFY PROTECTIVE ORDER (DOC. 87)

**NOW COMES** Plaintiff Wright's Well Control Services, LLC ("WWCS" or "Plaintiff"), and respectfully requests, pursuant to the Stipulated Protective Order (Doc. 87) and Rule 26(c), that this Court De-Designate Oceaneering International, Inc.'s ("OII" or "Oceaneering") and Christopher Mancini's ("Mancini") (collectively "Defendants") documents from "Highly Confidential" to "Confidential" and modify the Court's Protective Order to eliminate Defendants' right to self-designate documents as "Highly Confidential." Wherefore, Plaintiff WWCS respectfully shows the Court as follows:

### Summary of Argument

The Stipulated Protective Order in this case allows each party to make good faith designations regarding the confidentiality of its own documents. *See* Doc. 87 at ¶ 3 (each designation is attached to an affirmative representation that each document produced with a confidentiality designation "has been reviewed by Counsel and that there is a good faith basis for

such designation"). Each party making a designation is mandated to "limit designations of Confidential and Highly Confidential Information to only those parts of documents, testimony or material that are clearly identified as containing Confidential or Highly Confidential Information." Doc. 87 at ¶ 6. In blatant disregard for the Stipulated Protective Order (Doc. 87), which was mutually executed by all parties in this case, Defendants seek to protect almost every single document, file, and page it has produced thus far in this case as Highly Confidential, improperly shifting the burdens under the Protective Order to WWCS. Defendants have designated nearly every document produced thus far as "Highly Confidential." One practical result of this action, in addition to being a bad faith violation of the obligations of the Protective Order, is that Plaintiff's representatives cannot review the documents in preparation for depositions, mediation, settlement discussions, or any other aspect of this case. The Protective Order requires Plaintiff's counsel to notify Defendants of all Highly Confidential documents desired to be disclosed to WWCS representatives. By designating virtually every document as Highly Confidential, it assures that Defendants will have prior knowledge of every document Plaintiff's counsel desires to share with its representatives, giving Defendants an inside look at how Plaintiff's counsel may be preparing its case. Despite Plaintiff's counsel's best efforts, counsel for OII and Mancini have refused to lower the confidentiality designation of any of its documents. This over-designation ignores the express letter and spirit of the Stipulated Protective Order and, absent voluntary or Court Ordered de-designation, would require WWCS to seek the Court's review of every single document that OII has refused to de-designate to determine whether each document has been properly designated, as opposed to the reasonable self-designation anticipated. WWCS seeks de-designation of the documents, modification of the

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **2** of **16**

protective order, and other allowable sanctions against Defendants, which have all been appropriately levied to thwart such actions in prior jurisprudence.

### Facts

On May 21st, 2015 WWCS sued Oceaneering and Mancini for violating a non-disclosure and non-use agreement, trade secret misappropriation, patent infringement, and other related claims.

After each party served requests for production, the parties worked together to draft and file a Stipulated Protective Order with the Court pursuant to Rule 26(c). (Doc. 87).

More than five months after WWCS served Defendants with requests for production, Defendants finally produced their initial responsive documents in the form of thousands of individual pages and native files. Following the initial production, Defendants subsequently produced another set of responsive documents in the form of thousands of individual pages and native files.

## I.  The Stipulated Protective Order (Doc. 87)

The Stipulated Protective Order (Doc. 87) specifically requires the producing party to make an affirmative representation that each document produced with a confidentiality designation "has been reviewed by Counsel and that there is a good faith basis for such designation." Doc. 87 at ¶ 3. In order to designate information as Highly Confidential, OII and Mancini are representing, through counsel, that they have a good faith argument that disclosure of the information to WWCS, or any other party, "is likely to create a substantial risk of serious harm to the Disclosing Party that could not be avoided by less restrictive means." Doc. 87 at ¶ 5.

The Stipulated Protective Order also contains separate protections for confidential information that does not meet the "substantial risk" test, including "trade secrets or other

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **3** of **16**

confidential research, development, financial, proprietary or commercial information that may be subject to a protective order or qualify for protection" under the Rules but that will not create a substantial risk of harm to Oceaneering by its disclosure. Doc. 87 at ¶ 2. Even if a document might otherwise be entitled to protection, information disclosed to the public and information previously known to the receiving party is not protectable as "Confidential" much less as "Highly Confidential." *See Id.* at ¶¶ 2(a)(i) and 3(a-d).

The Protective Order mandates that the producing party "limit designations of Confidential and Highly Confidential Information to only those parts of documents, testimony or material that are clearly identified as containing Confidential or Highly Confidential Information." Doc. 87 at ¶ 6.

## II.    Defendants' Production

Of the total 54,169 responsive pages and native files Defendants produced, a remarkable 53,492 (98.75%) are designated as Highly Confidential and another 521 (0.96%) are designated as Confidential. Only 95 pages (0.18%) of the entirety of Defendants' production has not been designated as confidential or highly confidential.

Oceaneering's wholesale designation of almost every document produced as not just "Confidential" but as "Highly Confidential," suggests that designation was done without any discernible review or evaluation of the content of the documents.

From a cursory review of the documents, it is clear that the vast majority should not be Highly Confidential and are improperly designated.  For instance, documents **created by Plaintiff** have been designated as Highly Confidential; information from projects on which Plaintiff worked has been designated Highly Confidential; documents disclosed to third parties have been designated Highly Confidential, documents previously disclosed to Plaintiff have been

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **4** of **16**

designated as Highly Confidential, information from years ago has been designated Highly Confidential, and almost every single document produced by Oceaneering has been designated Highly Confidential. *See* Exhibits 1, 2, and 7-31 (listed and described in more detail below). None of this information can be protected as Highly Confidential.

It is also clear that several of the documents are not even Confidential, as that term is defined in the Stipulated Protective Order. Defendants designated documents as "Confidential" that are publically available (internet websites), third party operations manuals, blank pages, and pages with nothing but company logos. For instance, Defendants designated an animation as Highly Confidential (Ex. 01, OII 36328) and Plaintiff has found the exact same animation posted on YouTube since 2014 (https://www.youtube.com/watch?v=aAL0GDbgk1s). Plaintiff additionally requested an inspection of Defendants' system and Defendants' claimed that any review of the physical structure should be protected as Highly Confidential. To try and move forward with the case, Plaintiff agreed to make the inspection with only counsel and one expert. Defendants also claimed that all photos taken of the system should be Highly Confidential and have refused to allow Plaintiff's representatives to review the system. However, after completing the inspection, Plaintiff discovered that Oceaneering has allowed very similar images on third party websites for PUBLIC viewing. See Ex. 02, Oct. 27, 2016 Letter to Russell Primeaux requesting explanation of an inspection photo and a publicly available marketing photo. Ironically, Defendants explanation for the public version is that it was "presumably" vetted by Oceaneering personnel prior to being published. Ex. 03, Nov. 3, 2016 email from Russell Primeaux. Defendants are, by the Protective Order charged with vetting the documents, not outright blocking Plaintiff from any and all access. The same information that is not confidential on the one hand cannot, in good faith, be confidential on the other.

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **5** of **16**

From the volume of the designations and blatant disregard for any standard set out in the Protective Order or ordinarily required by Rule 26(c), it is clear that Defendants lack the requisite good faith in their designation. As a result, Defendants have violated the Court's Order that requires them to "limit designations of Confidential and Highly Confidential Information to only those parts of documents, testimony or material that are clearly identified as containing Confidential or Highly Confidential Information." Doc. 87 at ¶6.

Plaintiff has had multiple phone calls related to this issue with Defendants and also sent detailed correspondence about the impropriety. On October 7, 2016 Defendants sent a response e-mail to WWCS denying Defendants' burden to identify which document or part of the document is highly confidential. Ex. 04. As a follow up to a prior telephone conference between the parties discussing the Highly Confidential designations on Defendants' production, WWCS sent Defendants a detailed letter on November 10, 2016, citing case law showing that Defendants did not meet their burden of marking only documents that Defendants have reviewed and for which they have a good faith basis to designate as Highly Confidential. Ex. 05. In response to this letter, Defendants sent WWCS an e-mail on November 29, 2016 continuing to deny any designation as Highly Confidential as being inappropriate. Ex. 06. Defendants continuously refuse to re-designate or designate the documents in good faith.

<u>**Arguments and Authorities**</u>

In general, "there are three different types of protective orders: (1) the narrowest type protects specific, identified information which the court has reviewed and has determined that "good cause" exists for such an order; (2) the disfavored "umbrella" protective order that designates all discovery as protected, without review or determination of "good cause" by the parties or the court; and (3) a "blanket" protective order which allows the parties to protect those

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **6** of **16**

documents which they in good faith believe contain trade secrets or other confidential commercial information and which are usually agreed to by the parties and approved of by the courts. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. CIV.A. H-01-3624, 2009 WL 3247432 at *2 (S.D. Tex. Sept. 29, 2009).

The Stipulated Protective Order in this case is of the third, "blanket," variety and allows the parties to identify information they contend, in good faith, requires protection.

When entering a blanket protective order, the courts trusts that the parties will comply with the duty to designate only material which they believe, in good faith, merits the level of protection assigned. Otherwise, a time consuming and voluminous document-by-document review will be required. *Blanchard & Co., Inc. v. Barrick Gold Corp.*, 02-3721, 2004 WL 737485, at *10 (E.D. La. Apr. 5, 2004).

The Protective Order in this case is considered a "blanket" protective order, "which allows the parties to protect those documents which they in good faith believe contain trade secrets or other confidential commercial information and which are usually agreed to by the parties and approved of by the courts." *See In re Enron* 2009 WL 3247432 at *2.

I.   **Analogous Prior Opinion - *THK Am., Inc. v. NSK Co. Ltd.***

In *THK*, the protective order included designations for "Confidential Materials" and "Attorneys Eyes Only" materials. *THK Am., Inc. v. NSK Co. Ltd.*, 157 F.R.D. 637, 640-41 (N.D. Ill. 1993). The "Confidential Materials" designation was defined as "any document, or any portion thereof, which contains information that is a trade secret or other confidential research, development or commercial information, within the meaning of Rule 26(c)(7), Fed.R.Civ.P." *Id*. at 641. The "Attorneys Eyes Only" designation "was for a small discrete group of 'extremely confidential' documents within the larger category of confidential materials." *Id*. The Attorneys

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **7** of **16**

Eyes Only designation "was never intended to be the most frequently used designation. Rather, it was intended to be used for extremely sensitive trade secrets and, thus, to be used sparingly." *Id*. at 641 and 643 ("***Paragraph 7*** of the proposed protective order concerned "Confidential Materials which the designating party or its counsel considers to be *extremely* confidential [which] shall, in addition to the designation set forth in paragraph 3, be labeled or marked with a designation containing the words 'Attorney's Eyes Only.'" Clearly, as the very language of defendants' proposed protective order reflects, "***For Attorney's Eyes Only***" documents were to be an *extremely* discrete number of documents from within the category of 'confidential materials'"). By making the distinction, and including the "Attorney Eyes Only" designation as a subset of the "Confidential Materials" category, it was unequivocally clear that "[o]nly the *extremely* confidential materials from within the trade secrets or other confidential research, development or commercial information was to be designated "***For Attorney's Eyes Only***." *Id*. at 643. The very two tiered structure presupposes that documents that may be competitively damaging if disclosed do not rise to the level of "extremely confidential" based on the inclusion of "trade secret or other confidential research, development or commercial information" in the ordinary "Confidential Materials" tier of information. *Id*. at 643-44.

In *THK*, the court makes clear that it is the producing party's obligation and responsibility "to ensure that the proper confidential designations are assigned to the documents produced." *Id*. at 644. In *THK*, the defendants produced between 75,000 and 90,000 pages of documents. *Id*. at 645. Of the produced documents, the defendants produced approximately 25,000 with no designation, approximately 11,000 as "confidential," and approximately 39,000 as "Attorneys Eyes Only." *Id*. The Court noted that producing roughly 79% of the confidential documents as extremely confidential, as the *THK* defendants did, is "absurdly high" and "stands

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **8** of **16**

the protective order on its head." *Id*. ("What was intended by the very language of the Protective Order to be a very *limited* category reserved for specially sensitive documents has become the most used category by far in the lawsuit. Rather than operating as a limited exception, the "Attorney's Eyes Only" designation has been used by the defendants almost *four times more* than the lower confidentiality designation"). The *THK* court went on to describe the conduct as "a blatant misuse of the 'Attorney's Eyes Only' designation" and "is not due to inadvertence or mistake." *Id*. As other evidence of the bad faith and blatantly improper designations, the *THK* court noted defendants' improper designation of: "documents which they did not author, but which were authored by (a third party) anywhere from 9 to 13 years ago;" "published, publicly available documents, among which are catalogues, patents, books, magazines, technical journals and newspaper articles;" "customer documents that are innocuous and far from current;" and internal "confirmation letters regarding employee seminars, responses to business invitations, requests for permission to attend business trips and internal memos regarding public seminars." *Id*. at 645-47 (including noting specific reasons as to why each such category ***cannot be*** extremely confidential).

The *THK* court also discussed a reasonable remedy for such over designation in the most restrictive category as requiring the producing party to re-designate in a very short time period. *Id*. at 647. However, in *THK*, where 79% of the confidential documents, and 52% of the entire production, were designated as Attorneys Eyes Only, the Court determined the above cited remedy as "too mild for defendants' egregious and contemptuous conduct" and modified the protective order to void the defendants' right to make ***any*** Attorneys Eyes Only classifications. *Id*. (i.e., the Court limited the defendants' production to either confidential or not confidential.) The Court additionally ordered that all other documents be reclassified as such within 10 days.

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **9** of **16**

*Id*. at 650-51 (requiring designations to be re-done by August 16th, when the order was signed August 6th). The Court finally assessed attorney fees and costs against the Defendants under: Rule 37 (to plaintiff as the prevailing party in a discovery dispute); as a sanction for "deliberate and calculated disregard of the (court's) discovery orders;" under Rule 16(f) (for failing to obey court orders); and pursuant to the court's inherent power to regulate litigation and enforce its own orders. *Id*. at 651.

## II.   Application of *THK* to the facts and Protective Order in This Case

The Protective Order in this case contains a similar structure to the two-tiered *THK* protective order. Like the *THK* protective order, the Protective Order allows designation of documents as Confidential or Attorneys Eyes Only (Highly Confidential). As in *THK*, such a structure presupposes that the highly confidential category is a subset of the ordinary confidential category only reserved for the rare instance where disclosure of the confidential information creates "a substantial risk of serious harm" to the disclosing party by further disclosure. If ordinary trade secret, financial information, and other confidential information were intended to be included in the highly confidential designation, they would not have been included in the express definition of **"Confidential Information".** See Doc. 87 at ¶2(a). Thus, like the order in the *THK* case, the Stipulated Protective Order Defendants agreed to enter in this case allowed for production of "trade secrets" and other potentially competitively damaging information through the ordinary "Confidential" designation.

While *THK* described its facts as "egregious and contemptuous conduct," such that the ordinary remedy would not suffice, the facts in this case **are even more egregious**. In *THK*, the defendants produced approximately 50% of all documents and 79% of all confidential documents as highly confidential. **In this case Defendants produced over 95% of all**

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **10** of **16**

**documents as "Highly Confidential**." The sheer volume of the documents designated as "Highly Confidential," and the abundance of documents which, on their face, are very obviously not Highly Confidential proves Defendants failed to meet their initial burden of reviewing the documents and limiting their designations to only those documents or portions of documents that, in good faith, actually contain "Highly Confidential" information. Not only did they make the initial production in bad faith, but Defendants also refused to make any de-designations despite several attempts by Plaintiff to conference on the issue. In addition to the absurd number of documents designated as Highly Confidential, Defendants in this case have produced similar types of documents with the same improper designation relied upon by the *THK* defendant. Specific examples of categories of documents the *THK* court defined as not highly confidential, which Oceaneering and Mancini have improperly designated as highly confidential in this case include:

a) Documents created by Plaintiff (Ex. 07, OII 131-132; Ex. 08, OII 1114);

b) Documents sent by Defendants to Plaintiff (and in some cases even signed by Plaintiff's representative) (Ex. 09, OII 1115-1125; Ex. 10, OII 1139-1156);

c) Documents created by third parties, including data sheets, procedures, and operating manuals (Ex. 11, OII 1219-1228; Ex. 12, OII 1451-1465; Ex. 13, OII 1520-1525; Ex. 14, OII 1741; Ex. 15, OII 3198-3209; Ex. 16, OII 10335; Ex. 17, OII 28072-28080; Ex. 18, OII 8539-8549);

d) Generic internal information or generic information exchanged with customers, suppliers or vendors (Ex. 19, OII 2890; Ex. 20, OII 8697; Ex. 21, OII 9036; Ex. 22, OII 9294; Ex. 23, OII 10329; Ex. 24, OII 2996);

e) Documents from several years ago (Ex. 25, OII 6-9 (letter from 2009 job));

f) Documents used on jobs in which WWCS participated and had access to (Ex. 26, OII 133-577)

g) Generic lists and information (Ex. 27, OII 8474);

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **11** of **16**

h) Pictures of generic worksite images (Ex. 28, OII 6373; Ex. 29, OII 7757); and

i) Websites printed off the internet (Ex. 30, OII 597, Ex. 31, OII 698-699).

Just as was the case with the documents produced in *THK*, none of the above examples constitute extremely sensitive information such that it would pose a substantial risk of serious harm to Defendants if Plaintiff's representatives were to review it. Plaintiff's small sampling of improperly designated documents is just that and is not meant to be exhaustive. The production is riddled throughout with similarly situated documents, and Defendants lack any reasonable basis to contend that almost 99% of its produced documents are of the character that Plaintiff's representatives should not be able to review them due to a risk of substantial harm to Defendants' business.

## III. De-Designation is Required

The Stipulated Protective Order in this case does contain provisions for de-designation, but those provisions are only invoked after the producing party complies with its burden of good faith designation. If all parties act in good faith, and a dispute arises, the Protective Order sets out a detailed procedure to bring the designation issue to the Court's attention and should result in an *in camera* review of the challenged documents the parties cannot agree upon. In this case, because of Defendants' conduct, if that procedure were carried out at this point, the Court would have to review tens of thousands of improperly marked pages.

That burden was not intended under the Stipulated Protective Order which was instead designed to remove such a review from the Court's docket and place it in the capable hands of the attorneys. Defendants' counsel is more than capable of properly designating Defendants' documents, which further suggests that this is a calculated and blatant attempt to thwart

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **12** of **16**

Plaintiff's trial and deposition preparation.[1] De-designation is required to allow Plaintiff's counsel to disclose this information to WWCS to move this case forward.

The only reasonable outcome, based on Defendants' continued refusal to comply, is Court mandated de-designation of all documents previously designated.

## IV.    Modification of the Protective Order is Required

While there is no Fifth Circuit precedent for modifying a protective order in these circumstances, a commonly accepted approach involves consideration of whether good cause existed for entry of the initial protective order; whether the protective order entered is narrow or broad; the foreseeability of the requested modification; and the parties' reliance on the protective order. *See In re Enron*, 2009 WL 3247432 at *3 (*citing Holland v. Summit Autonomous, Inc.*, No. CIV. A. 00-2313, 2001 WL 930879, at *2–3 (E.D. La. Aug. 14, 2001).

There is no dispute that good cause existed for the initial entry of the Stipulated Protective Order, as there is no dispute that this case involves confidential information. There is also no dispute that the parties are relying on the order as all parties have utilized its designations and seek to protect their own confidential information.

The Protective Order's blanket nature makes it subject to challenge and modification. *See In re Enron*, 2009 WL 3247432 at *3-4. The blanket nature also shifts the power to designate information as protected from the Court to the parties, and the stipulated order was executed with the understanding that the parties would act ***in good faith***. Thus, there was nothing foreseeable about Defendants' complete lack of good faith that led to the requested modification, as all litigants are required to treat each other with good faith and not act in bad faith in their dealings

---

[1] Defendants' counsel recently sent a request for dates to depose Plaintiff's representative as well as David Wright, individually. However, to this point none of Plaintiff's representatives have been able to view the Defendants' production and Plaintiff cannot adequately prepare for such depositions without de-designation.

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **13** of **16**

with each other and the Court. Reviewing each of the factors discussed in *In re Enron*, *supra*, modification is required to protect Plaintiff's ability to prepare its case and move it to a resolution. Modification will also prevent the Court from having to review the entirety of Defendants' production to determine whether any of it is entitled to protection.

Defendants' conduct is, like the conduct in *THK*, of the sort that ordering de-designation alone is insufficient to thwart further conduct. If it is absurd to suggest, as did the *THK* court, that 50% of documents can be extremely confidential in nature, Defendants have created a new level of absurdity by claiming 98% of its documents will cause substantial risk of serious harm if disclosed to WWCS. Plaintiff has no doubt that a percentage of the documents may be confidential in nature (as the definition broadly includes "trade secrets or other confidential research, development, financial, proprietary or commercial information that may be subject to a protective order or qualify for protection"), but those documents can be protected with the lower tiered "Confidential" designation. Defendants are clearly acting in bad faith to delay Plaintiff's preparation and the ultimate resolution of this case.

Defendants produced their second set of documents after this issue had already been raised about the Defendants' first production, and yet the second production contained more Highly Confidential documents, on a percentage basis, than did the first. If Defendants are allowed to continue with self-designation, the result will be the same with any further document production. Oceaneering has yet to produce any emails from its server, and Plaintiff anticipates that production to be more important and likely larger than the prior two.

## Prayer

"Courts are too overburdened with heavy caseloads and backlogs to be taxed by parties engaging in uncooperative, dilatory, and obstructionist litigation tactics, or similar strategiem

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **14** of **16**

designed to increase the litigation expenses of the opposing party. The risks for engaging in such conduct must be substantial in order to act as an effective deterrent." *THK Am., Inc. v. NSK Co. Ltd.*, 157 F.R.D. 637, 645 (N.D. Ill. 1993).

Based on the foregoing, Plaintiff respectfully requests that Defendants' "Highly Confidential" designations be stricken and replaced with "Confidential" designations. Plaintiff also respectfully prays that the Stipulated Protective Order be modified to exclude Defendants from any further right to designate documents as "Highly Confidential." Plaintiff also prays that Defendants be required to pay all of Plaintiff's costs and fees associated with this issue and for any other relief the Court deems appropriate given the egregious nature of Defendants' conduct.

Dated: January 4, 2017

Respectfully submitted,

*/S/ CONRAD S.P. WILLIAMS, III*
**WILLIAMS LAW GROUP, LLC**
Conrad S.P. Williams, III (#14499)
Meredith R. Durham (#33112)
909 Poydras Street, Suite 1625
New Orleans, LA 70112
TEL: (985) 876-7595
FAX: (985) 876-7594
duke@williamslawgroup.org
meredith@williamslawgroup.org

and

Guy E. Matthews
Texas Bar No. 13207000
Terry B. Joseph
Texas Bar No. 11029500
John D. Holman
Texas Bar No. 24082232
Terry L. McCutcheon
Texas Bar No. 24039045

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **15** of **16**

Holly Barnes
Texas Bar No. 24045451
**MATTHEWS, LAWSON, MCCUTCHEON, &
JOSEPH, PLLC**
2000 Bering Drive, Suite 700
Houston, Texas 77057
TEL: (713) 355-4200
FAX: (713) 355-9689
gmatthews@matthewsfirm.com
tjoseph@matthewsfirm.com
jholman@matthewsfirm.com
tmccutcheon@matthewsfirm.com
hbarnes@matthewsfirm.com

*ATTORNEYS FOR PLAINTIFF*
*WRIGHT'S WELL CONTROL SERVICES, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed on this 4th day of January, 2017, pursuant to the electronic filing requirements of the United States District Court for the Eastern District of Louisiana, which provide for service on counsel of record in accordance with the electronic filing protocols in place.

*/S/ CONRAD S.P. WILLIAMS, III*
WILLIAMS LAW GROUP, LLC

**PLAINTIFF'S MOTION TO DE-DESIGNATE**
Civil Action No. 2:15-cv-1720
U.S. District Court for the Eastern District of Louisiana – New Orleans Division

Page **16** of **16**