UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WRIGHT'S WELL CONTROL                            CIVIL ACTION
SERVICES, LLC

VERSUS                                           NO. 15-1720

OCEANEERING INTERNATIONAL,                       SECTION "R" (3)
INC. AND CHRISTOPHER MANCINI


## ORDER AND REASONS

Defendants Oceaneering International, Inc. and Christopher Mancini move the Court to dismiss plaintiff Wright's Well Control Services, LLC's patent infringement claims under Rule 12(b)(6).  For the following reasons, the Court grants defendants' motion.


## I.  BACKGROUND

### A.  WWCS's Hydrate Remediation System

This patent infringement, breach of contract, and unfair competition case arises out of a dispute between plaintiff Wright's Well Control Services, LLC (WWCS) and defendants Oceaneering International, Inc. and Christopher Mancini, an Oceaneering employee.[1]  The dispute concerns a

---

[1]     The facts here are limited to a background of WWCS's patents and its patent claims against defendants.  For a more in-depth understanding

technological system that WWCS developed for removing hydrates from subsea, deepwater pipelines.   According to WWCS's third amended complaint, a hydrate is an ice-like solid that forms when water becomes mixed with oil and/or gas at high pressure and low temperature.[2]   Hydrates can cause a pipeline to become blocked by "hydrate plugs," resulting in a loss of production.[3]   WWCS alleges that in 2008, Oceaneering tried and failed to remove hydrates from a pipeline for ATP Oil and Gas Corporation.[4]   ATP then asked WWCS to review Oceaneering's work, prompting WWCS to spend 18 months researching, testing, and developing a new system for preventing and removing hydrates in deepwater environments.[5]   According to WWCS, its remediation system overcame many of the design challenges that plagued earlier systems and provided a faster, safer, and more cost-effective way to clear hydrates in deepwater environments.[6]

of the relationship between WWCS and defendants and the procedural history of this case, *see* R. Doc. 56 at 1-9.

[2]      R. Doc. 119 at 3 ¶ 12.
[3]      *Id.* at 3-4 ¶¶ 12-13.
[4]      *Id.* at 7 ¶¶ 23-23.
[5]      *Id.* ¶ 24.
[6]      *Id.* at 5 ¶ 17.

## B.    The Patent Applications

On December 24, 2010, David Wright and Jeffery Dufrene filed two U.S. non-provisional patent applications, each of which was directed to specific aspects of WWCS's remediation system.[7]  According to WWCS, U.S. Patent Application No. 12/978,486, now issued as U.S. Patent No. 8,413,725 (the '725 Patent), describes and claims the subsea separator used in WWCS's remediation system.[8]  Application No. 12/978,448, now issued as U.S. Patent No. 9,435,185 (the '185 Patent), describes aspects of the entire remediation system, focusing specifically on the system's use of a subsea hydraulic positive displacement pump.[9]  The United States Patent and Trademark Office published both patent applications on June 30, 2011.[10]

The '725 Patent contains 20 claims, three independent and 17 dependent.[11]   The main independent claim is the subsea separator,

---

[7]    *Id.* at 13 ¶ 44.

[8]    *Id.*

[9]    *Id.*  According to WWCS, Wright and Dufrene assigned all rights and interests in both the 725 and the 185 Patents to WWCS, and WWCS is the owner of both Patents.  *Id.* ¶ 25.

[10]    *See* R. Doc. 119-1 at 2 (725 Patent); R. Doc. 119-17 at 2 (185 Patent).

[11]    R. Doc. 119-1 at 12.  Independent patent claims stand alone, whereas dependent claims narrow the scope of the claim from which it depends by adding further subject matter to it.  *See, e.g.*, *Karlin Tech., Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 972 (Fed. Cir. 1999).  For example, in the '725 Patent, WWCS first claim is a subsea separator, and its second claim is "the separator of claim **1** wherein the separator has a pressure

3

comprising an inlet for receiving fluid mixture, a non-gaseous fluid outlet and a gas outlet, baffle type members, and a ball valve assembly to open and seal the gas outlet, all meant to operate under vacuum.[12]  The other two independent claims are a deep water separator for separating gas from a liquid/gas mixture, and the method of separating gas from a liquid/gas mixture in a subsea environment.[13]  The second and third independent claims both have six limitations.[14]

The '185 Patent contains thirteen claims, three independent and 10 dependent.[15]  The main independent claim is a method of recovering a pipeline fluid from a source located in a subsea environment by connecting a fluid powered motor and a pump to the source of the fluid.[16]  The other two independent claims are a method for hydrate remediation and fluid recovery from a subsea location, and a method for acting on or removing a blockage

---

differential of about 227 bar."  R. Doc. 119-1 at 12 (emphasis in original). Thus, claim one is independent, and claim two is dependent because it depends on claim one.

[12]    *Id.*

[13]    *Id.*

[14]    *Id.*  "Limitations" refer to distinct aspects of a claim within a patent.

[15]    R. Doc. 119-17 at 22-23.

[16]    *Id.* at 22.

from a pipeline fluid in a subsea environment.[17]  The first independent claim has eight limitations, the second has five, and the third has six.[18]

### C.    Defendants' Motion to Dismiss

WWCS filed its amended complaint on December 8, 2015, asserting patent infringement, breach of contract, and tort claims.[19]  On September 26, 2016, Plaintiff filed a third amended complaint to add a patent infringement claim as to WWCS's second patent, which was issued on September 6, 2016.[20]  WWCS's third amended complaint brings both direct and indirect patent infringement claims against defendants as to both the '725 and the '185 Patents. Defendants now jointly move to dismiss WWCS's patent infringement claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[21]  Defendants argue that WWCS's patent claims must fail because WWCS does not plausibly allege that defendants infringe each and every element of at least one of the claims in both the '725 and the '185 Patents.  Before the Court can address the merits of defendants' challenge, it must determine the proper standard to apply.

---

[17]    *Id.* at 22-23.
[18]    *Id.*
[19]    R. Doc. 69.
[20]    R. Doc. 119.
[21]    R. Doc. 121.

### 1.   Twombly, Iqbal, *Rule 84 and Form 18*

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), govern the sufficiency of complaints under Federal Rule of Civil Procedure 12(b)(6).  Together, they require that to survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 547).  A claim is facially plausible when a plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  A legally sufficient complaint need not contained detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recistations of the elements of a cause of action.  *Twombly*, 550 U.S. at 555.

Patent infringement claims are governed by 35 U.S.C. § 271(a), which states, "whoever without authority makes, uses, offers to sell, or sells any patented invention, . . . infringes the patent."  Before it was eliminated, Form 18 in the Appendix of Forms of the Rules of Civil Procedure provided that to plead a direct infringement patent claim sufficiently, a plaintiff could merely assert the following:

6

> (1) An allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by "making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).  Rule 84 of the Federal Rules of Civil Procedure provided that "the Forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Further, the Federal Circuit made clear that Form 18 controlled, even in the event of conflict between the form and *Twombly* and *Iqbal*.  *See id.* ("[T]o the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleading requirements, the Forms control.") (citation omitted).[22]

Amendments to the Federal Rules of Civil Procedure, which took effect on December 1, 2015, deleted Rule 84.  The Supreme Court stated that the new rules "shall govern in all proceedings in civil cases thereafter commenced [after December 1, 2015] and, insofar as just and practicable, all

---

[22] Other courts disagreed with the Federal Circuit and found that *Twombly* and *Iqbal* applied to patent claims and therefore Form 18 was insufficient. *See, e.g.*, *Gradient Enters., Inc. v. Skype Techs. S.A.*, 848 F. Supp. 2d 404, 407 (W.D.N.Y. 2012) (noting disagreement); *Macronix Intern. Co., Ltd. v. Spansion Inc.*, 4 F. Supp. 3d 797, 802 (E.D. Va. 2014).

proceedings then pending." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1337 n.2 (Fed. Cir. 2016) (quoting   Supreme Court of the United States, Order Regarding Amendments to the Federal Rules of Civil Procedure (U.S. Apr. 29, 2015)).[23]

Defendants argue that the abrogation of Rule 84 (and Form 18) should apply to both WWCS's claims relating to the '725 Patent and the '185 Patent. At the outset, it is clear that Form 18 would not apply to WWCS's claims related to the '185 Patent, as that patent was not issued until September 2016.  And while the claims related to the '725 Patent were initially filed before the abrogation of Rule 84, plaintiff's most recent amendment of its complaint was in September 2016, nine months after Rule 84 was abrogated. Further, plaintiff makes no argument that it would be unjust or impracticable to apply the new rule to the '725 claims.  Therefore, the Court finds that it is just and practicable to apply the new rules to WWCS's '725 patent claims.  *See, e.g.*, *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 15-1202, 2016 WL 1643315, at *4 n.3 (E.D. Tex. Apr. 26, 2016).

---

[23]      Available at https://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf (last visited February 1, 2017).

### 2.   *Pleading Direct Infringement Patent Claims in a Post-Form 18 World*

With the abrogation of Rule 84, *Twombly* and *Iqbal* now clearly apply to patent claims.  Therefore, to state a claim of direct patent infringement, the complaint must contain enough factual allegations to show that the patent claim is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 547).  In other words, the factual allegations must plausibly support the assertion that the defendant "without authority, makes, uses, offers to sell, or sells any patented invention during the term of the patent."  35 U.S.C. § 271(a).  Defendant asserts WWCS fails to satisfy the plausibility requirement of *Twombly* and *Iqbal* because it fails to plead factual allegations that make it plausible that "*each and every element of a patent claim*" has been infringed.[24]

The Federal Circuit has yet to provide guidance as to the specificity needed to satisfy the requirements of *Twombly* and *Iqbal* for direct patent infringement claims in the post-Rule 84 environment. Recognizing the lack of guidance from the Federal Circuit, both WWCS and defendants point to non-precedential district court cases to support their arguments.

---

[24]   R. Doc. 121-1 at 13-14 (emphasis added).

Defendants point to a litany of cases which, when taken together, suggest that in order to satisfy *Twombly* and *Iqbal* a plaintiff must plead facts alleging that the accused product infringes each element or limitation of at least one patented claim.[25] *See Raindance Techs. Inc. v. 10x Genomics, Inc.*, No. 15-152, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016) (dismissing patent claim because complaint did not make allegations comparing limitations of patent with elements of defendant's product); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-5469, 2016 WL 1719545, at *5 (N.D. Cal. Mar. 9, 2016) (dismissing direct infringement claim because complaint made no allegations relating to a necessary element and a necessary limitation of the claim); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) (finding that "factual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement"); *TeleSign Corp. v. Twilio, Inc.*, No. 16-2106, 2016 WL 4703873, at *4 (C.D. Cal. Aug. 3, 2016) (noting that under *Twombly* and

---

[25]     Patent caselaw often uses the terms "element" and "limitation" interchangeably to refer to aspects of a patent claim.  The Federal Circuit states that "it is preferable to use the term 'limitation' when referring to claim language and the term 'element' when referring to the accused device. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 234 F.3d 558, 563 n.1 (Fed. Cir. 2000), *vacated on other grounds*, 535 U.S. 722 (2002).  Courts continue to use the terms interchangeably.

*Iqbal* a "plaintiff must still plausibly allege that a defendant's product or products practice all elements of at least one patent claim") (citations omitted); *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-5790, 2016 WL 4427209, at *3-4 (N.D. Cal. Aug. 22, 2016) (applying "each of the limitations" standard); *Scripps Research Institute v. Illumina, Inc.*, No. 16-661, 2016 WL 6834024, at *5 (S.D. Cal. Nov. 21, 2016) ("[T]he Court joins several other courts in holding that in order to properly plead direct infringement under *Twombly* and *Iqbal*, a plaintiff must plausibly allege that a defendant directly infringes each limitation in at least one asserted claim.") (citations omitted).

The Court finds this authority persuasive and that WWCS's arguments against are not compelling. WWCS argues that its burden at this stage is solely to provide defendants notice that their product infringes at least one claim in WWCS's patents. But while *Twombly* noted that a complaint's plausibility requirement is meant to "give the defendant fair notice of what the . . . claim is," *Twombly* also makes clear that the complaint must go beyond simple notice and explain the grounds on which the claim rests. 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Therefore, simply putting defendants on notice that their product allegedly infringes at least one of the claims within WWCS's patents, without more, does not

11

satisfy the plausibility standard.  *See Robern, Inc. v. Glasscrafters, Inc.*, No. 16-1815, 2016 WL 3951726, at *6 (D.N.J. July 22, 2016) (rejecting similar notice argument in direct patent infringement case).

WWCS also relies on a few cases that it argues depart from the majority view that *Twombly* and *Iqbal* require an element-by-element or limitation-by-limitation standard.  *See Blitzsafe Texas, LLC v. Volkswagon Group of Am. Inc.*, No. 15-1274, 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016); Transcript of Order Granting in Part and Denying in Part Defendants' Motion to Dismiss at 4, *Incom Corp. v. Walt Disney Co.*, No. 15-3011 (C.D. Cal. Feb. 4, 2016), ECF No. 39; *Simplivity Corp. v. Springpath, Inc.*, No. 15-13345, 2016 WL 5388951, at *3-4 (D. Mass. July 15, 2016).

The Court finds that the cases cited by WWCS are either distinguishable or less persuasive than the cases cited by defendant. *Blitzsafe* addressed a direct infringement claim relating to patents for devices that allowed MP3 and other audio players to be integrated with car radio systems using USB or Bluetooth.  2016 WL 4778699, at *2-3.  *Blitzsafe* did not explicitly reject an element-by-element standard, but instead took pains to find that the missing elements could be "inferred" from the allegations in plaintiff's complaint.  *Id.* at *3.  *Blitzsafe* made clear that it was relying "heavily on the factual context out of which the claim arises" to infer

allegations of elements like codes, microcontrollers, and interfaces because they "generically exist in many modern electronic devices that play MP3s and work with USB and Bluetooth." *Id.*; *see also id.* at *4 ("This context provides a basis for inferring that generic electronic components such as codes, microcontrollers, and interfaces exist in the Accused Systems."). Whether or not these inferences were warranted in *Blitzsafe*, that case has no applicability in the context of very different products like hydraulic pumps and subsea separators.[26]

Incom* and *Simplivity* are likewise not compelling. Neither *Incom* nor *Simplivity* mentions the disagreement from the majority of courts that have addressed this question. Further, both cases are of the view that a plaintiff need only "specifically identify [a defendant's] products and alleg[e] that they perform the same unique function as [p]laintiff's patented system." *Incom*, *supra*, at 4 (citation omitted); *Simplivity*, 2016 WL 5388951, at *4. This standard resembles the minimal requirements of now-defunct Form 18. Such a standard requiring only that the plaintiff identify a product and allege

---

[26]     WWCS ignores the focus on context in *Blitzsafe* and describes the case as "finding that 'a fulsome description of the asserted patents and accused technology will be enough.'" R. Doc. 124 at 7 (citing 2016 WL 4778699, at *4). The full sentence quoted by WWCS from *Blitzsafe* reads "*[i]n some cases*, a fulsome description . . . will be enough." 2016 WL 4778699, at *4 (emphasis added).

that it performs the same unique function as the plaintiff's product would be ill-suited for products with multiple functions and could easily be manipulated depending on the level of generality asserted.

Finally, the "each limitation and element of a claim" standard is more consistent with the law on direct infringement claims. There is simply no infringement unless "'every limitation set forth in a [patent] claim [is] found in an accused product, exactly.'" *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, 808 F.3d 1313, 1319 (Fed Cir. 2015) (quoting *Southwall Techs. Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995)); *see also Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991) ([T]he failure to meet a single limitation is sufficient to negate infringement of the claim."). Unless plaintiffs allege that every element or limitation of at least one claim is found in an accused product, it will always be plausible that the accused product merely resembles or shares similarities with, but does not infringe, their claim. *See Exelon*, 189 F. Supp. 3d at 775 ("Because the failure to practice even a single element is all that separates innovation from infringement . . . there is always an obvious explanation where a plaintiff does not allege facts about each element.") (citations omitted). Therefore, the Court finds that *Twombly* and *Iqbal* require plaintiffs to allege facts showing

14

that an accused product contains each and every limitation or element of at least one patented claim.

### 3.    The Standard Applied

To determine if WWCS has plausibly alleged a patent infringement claim, the Court starts with the language of the claims of WWCS's patents. *See Fantasy Sports Properties, Inc. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1118 (Fed. Cir. 2002) ("[I]n every infringement analysis, the language of the claims, as well as the nature of the accused product, dictates whether an infringement has occurred.").

The '725 Patent contains 20 claims, including a subsea separator, a deep water separator, and the method of separating gas from a liquid/gas mixture in a subsea environment.[27]  The '185 Patent contains 13 claims, including a method for recovering a pipeline fluid from a source in a subsea environment, a method for hydrate remediation, and a method for acting on or removing a blockage from a pipeline fluid from a subsea environment.[28]

WWCS's complaint is devoid of any factual allegations relating to any of the limitations contained in the claims in its patents.  For example, claim one of the '725 patent is limited by "baffle type members,"[29] but WWCS's

---

[27]    R. Doc. 119-1 at 12.
[28]    R. Doc. 119-17 at 22-23.
[29]    R. Doc. 119-1 at 12.

15

complaint makes no mention whatsoever of baffle type members. WWCS's complaint merely alleges that "Oceaneering has, and continues to directly infringe one or more claims of the '725 (and '185) Patent by making, using, selling, or offering for sale systems and methods covered by the claimed inventions of the '725 (and '185) Patent."[30]   WWCS makes no attempt to relate the factual allegations in its complaint to the specific claims contained in its patents.  Without identifying a specific claim that defendants allegedly infringe, including the practice of all of the limitations of that claim, WWCS does not plausibly state a claim of direct infringement.  *See Robern*, 2016 WL 3951726, at *5 (granting motion to dismiss because direct infringement claim was not plausible under *Twombly* and *Iqbal*); *Exelon*, 189 F. Supp. 3d at 775 (granting motion to dismiss because complaint failed to allege infringement of each element of at least one claim, rendering the complaint merely "compatible with infringement").   Therefore, WWCS's direct infringement claims for both the '725 and '185 Patents must be dismissed.

WWCS also brings indirect infringement claims as to both Patents.  But indirect infringement claims can arise only in the presence of direct infringement.  Thus, the flaws in WWCS's direct infringement claims are fatal to its indirect claims.  *See, e.g.*, *In re Bill of Lading Transmission &*

---

[30]     R. Doc. 119 at 23 ¶¶ 82, 85.

*Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement.") (internal quotation marks and citation omitted).  WWCS's indirect infringement claims for both the '725 and '185 Patents must therefore be dismissed.  *See iBaby Labs*, 2016 WL 4427209, at *5 ("[B]ecause the Court has already concluded that [plaintiff] has failed to state a claim for direct infringement, [plaintiff]'s claims for indirect infringement must fail as well.").[31]

### D.   Leave to Amend

WWCS seeks leave to amend in the event the Court grants defendants' motion.[32]  Defendants rely on *Lyda* to argue that no further amendments should be allowed.  *Lyda* affirmed the district court's refusal to allow plaintiff to amend his complaint after the court found his patent claim insufficient under *Twombly* and *Iqbal*.  838 F.3d at 1340-41.  *Lyda* noted that plaintiff

---

[31]   Defendants' reply brief additionally argues that all claims against Mancini in his individual capacity should be dismissed because WWCS's allegations focus on Oceaneering and Mancini's role as an employee of Oceaneering.  Because defendants did not raise this in their motion to dismiss, this argument is not properly before the Court.  *See Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir.2008) ("[A]rguments cannot be raised for the first time in a reply brief."); *Cooper v. Faith Shipping*, No. 06-892, 2008 WL 5082890, at *4 (E.D. La. Nov. 25, 2008) (same).

[32]   R. Doc. 124 at 13-14.

was given the opportunity to amend his complaint after seeing the motion to dismiss, but the plaintiff instead chose to oppose the motion to dismiss. *Id.* at 1341.  Defendants likewise notified plaintiff of their belief that WWCS's patent claims were deficient, and offered WWCS the chance to amend its complaint.[33]  Plaintiff refused.[34]  But the district court in *Lyda* had a local rule in place that "curtails leave to amend where the plaintiff declines to do so until after the court finds the pleadings insufficient, and the *Lyda* court saw "no reason to disturb the district court's applications of its own internal rules."  *Id.*  This district has no such rule.  Further, WWCS should not be penalized for rejecting defendants' offer in this case, given that the Federal Circuit has not weighed in on the effect of the demise of Rule 84 and Form 18.

Nevertheless, the Court has entered a scheduling order in this case, which established a deadline to amend pleadings of May 2, 2016.[35]  As that deadline has come and gone, WWCS's request to amend its complaint is not governed by the liberal standards of Rule 15(a), but instead by Rule 16(b)(4), which neither party addressed.  Under this rule, the Court can modify its scheduling order to allow an amended complaint only "for good cause."  Fed.

---

[33]     R. Doc. 121-2 at 1-2.
[34]     R. Doc. 121-3.
[35]     R. Doc. 80 at 2.

R. Civ. P. 16(b)(4); *see also S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (noting that Rule "16(b) governs amendment of pleadings once a scheduling order has been issued by the district court"). If the Court finds good cause, the liberal standards for rule 15(a) apply. *Id.* at 536.

In the context of untimely motions to amend pleadings, the Court considers four factors to determine if there is good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal modifications and quotation marks omitted).

The Court finds that the amendment is important because WWCS's patent claims fail without it. Further, defendants did not object to WWCS's filing a third amended complaint in September 2016, and offered WWCS the opportunity to file a fourth amended complaint on October 24, 2016.[36] Therefore, while defendants may be prejudiced in the sense that they spent time and resources on their motion to dismiss, their willingness to allow a fourth amended complaint suggests any resulting prejudice is minimal, and is further offset by the trial's scheduled date of July 17, 2017.

---

[36]   R. Doc. 121-2 at 2.

19

The Court therefore finds there is good cause to allow WWCS to amend its complaint.  Having found good cause, the Court must still apply the more liberal standard of Rule 15(a).   Under Rule 15, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).   In deciding whether to allow amendment of the complaint, the Court must consider any "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).  For the same reasons stated in the Rule 16 analysis, justice requires the Court to allow the amendment.

There is no evidence of bad faith or dilatory motive on the part of WWCS, and while WWCS has already amended its complaint more than once, none of these amendments related to the deficiencies addressed here. Further, there is no showing that the amendment would be futile.  Therefore, the Court grants WWCS leave to amend its complaint with respect to its patent claims within 14 days of the entry of this order.

## II.    CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss.  Plaintiff's patent claims are DISMISSED WITHOUT PREJUDICE and with leave to amend within 14 days of this order.

New Orleans, Louisiana, this __13th__ day of February, 2017.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE