UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WRIGHT'S WELL CONTROL SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO. 15-1720 |
| OCEANEERING INTERNATIONAL, INC. AND CHRISTOPHER MANCINI | SECTION "R" (3) |

# ORDER

Plaintiff Wright's Well Control Services, LLC (WWCS) moves to voluntarily dismiss defendant Christopher Mancini pursuant to Federal Rule of Civil Procedure 41(a)(2), with prejudice, and with a "reservation of all rights and actions against co-defendant Oceaneering International, Inc., and any other parties and solidary obligors."[1] Defendant Mancini opposes the reservation of rights against unnamed third parties.[2] Mancini has also moved for summary judgment on plaintiff's claims,[3] and WWCS has moved the Court for an extension of time to respond to Mancini's motion for summary judgment.[4]

---

[1] R. Doc. 151.
[2] R. Doc. 159 at 2.
[3] R. Doc. 158.
[4] R. Doc. 170.

Rule 41(a)(2) gives the Court discretion to dismiss an action under terms and condition the Court deems proper. *See Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 298 (5th Cir. 2016) (citation omitted). Therefore, the Court will grant WWCS's motion to dismiss all claims against Mancini with prejudice, and its reservation of rights against Oceaneering, but denies its request to reserve any rights against unnamed third-parties. This case has been pending for nearly two years, extensive discovery has been conducted, and WWCS has amended its complaint four times. Despite discovery and multiple versions of its complaint, WWCS has at no point identified any other possible third parties or solidary obligors that may be liable. Trial is scheduled for July 17, 2017, and the deadline to amend WWCS's complaint has passed.[5] The Court will not permit the reservation of rights against unnamed third parties on the facts presented here. *See Curol v. Energy Resources Technology Inc.*, 203 F. App'x 675, 678 (5th Cir. 2006) (finding district court did not abuse discretion in denying request to reserve rights against party because "AOP never became a party to the action, and [plaintiff] had no right to proceed against AOP in the case").

---

[5] R. Doc. 80 at 2-3.

Accordingly,

IT IS ORDERED that the motion to dismiss plaintiff's claims against Christopher Mancini with prejudice is GRANTED.

IT IS FURTHER ORDERED that, to the extent plaintiff seeks to reserve any rights to proceed against any other parties and/or solidary obligors in this action, that request is DENIED.

Mancini's motion for summary judgment and WWCS's motion for an extension of time to respond to Mancini's motion are DENIED AS MOOT.

New Orleans, Louisiana, this __10th__ day of April, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE