UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WRIGHT'S WELL CONTROL SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO. 15-1720 |
| OCEANEERING INTERNATIONAL, INC. | SECTION "R" (3) |

## ORDER AND REASONS

Plaintiff Wright's Well Control Services, LLC's moves to continue trial in this matter, currently scheduled for July 17, 2017.[1] For the following reasons, plaintiff's motion is granted.

## I. BACKGROUND

This patent infringement, breach of contract, and unfair competition case arises out of a dispute between Wright's Well Control Services (WWCS) and defendants Oceaneering International, Inc.[2] According to WWCS's fourth amended complaint, WWCS developed and patented a technological system for removing hydrates from pipelines in a deep sea environment.[3]

---

[1] R. Doc. 152.
[2] WWCS also sued Christopher Mancini, an Oceaneering employee, but has voluntarily dismissed all claims against him. R. Doc. 171.
[3] R. Doc. 147 at 4 ¶¶ 13, 14.

WWCS alleges, *inter alia*, that Oceaneering misappropriated WWCS's trade secrets and infringed on WWCS's patents.[4]

Trial in this matter is currently set for July 17, 2017.[5] On March 2, 2017, WWCS moved to continue the trial date, arguing that a continuance is necessary because of ongoing discovery disputes.[6] Oceaneering opposes the motion.[7] Additionally, on March 16, 2017, Oceaneering filed counterclaims against WWCS.[8] In its counterclaims, Oceaneering alleges that WWCS engaged in unfair competition, and also alleges breach of contract and unjust enrichment.[9]

Six days later, on March 22, 2017, WWCS filed for Chapter 11 bankruptcy.[10] The bankruptcy filing operated as an automatic stay of all judicial actions against WWCS. *See* U.S.C. § 362. On April 27, 2017, Judge Summerhays of the United States Bankruptcy Court for the Western District of Louisiana granted the parties' joint motion for relief from the automatic stay, allowing the claims and counterclaims in this case to proceed as if the

---

[4] *See generally* R. Doc. 147. For a more extensive review of the relationship between WWCS and defendants, as well as the procedural history of this case, *see* R. Doc. 56 at 1-9.
[5] R. Doc. 80.
[6] R. Doc. 152-1 at 2-5.
[7] R. Doc. 164.
[8] R. Doc. 161.
[9] *Id.* at 45-49.
[10] R. Doc. 166.

bankruptcy petition had not been filed.[11]  As the parties have obtained relief from the automatic stay, the Court may proceed and rule on WWCS's motion to continue.

## II.  DISCUSSION

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Whether to grant or deny a continuance is within the sound discretion of the trial court.  *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).  In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."  *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000).

Plaintiff argues that a continuance is necessary because of ongoing extensive discovery disputes.  For example, plaintiff points out that Oceaneering did not make its initial document production until October 2016.  Of the approximately 54,000 documents that Oceaneering initially produced, 98 percent were labeled "Highly Confidential," which prevented WWCS from showing any of the documents to the owner of WWCS's patents,

---

[11]  R. Doc. 60 in 17-bk-50354 (Bankr. W.D. La. Apr. 27, 2017).

David Wright.[12] Some of these "highly confidential" documents were publicly available on the internet, pages with nothing but company logos, and some were simply blank pages.[13] Plaintiff also asserts that at the time it filed this motion, it had only received approximately 10,000 of approximately 170,000 requested emails from Oceaneering. Finally, plaintiff contends that the delays and discovery disputes have hampered its' experts' abilities to render their opinions, and have made scheduling depositions difficult, as WWCS asserts it cannot know who to depose and what to ask them until they finish reviewing Oceaneering's documents.

On February 22, 2017, Magistrate Judge Knowles granted WWCS's motion to de-designate these highly confidential documents in part, and ordered Oceaneering to review its designations within thirty days, and remove the highly confidential designation for documents that do not warrant that designation.[14] Magistrate Judge Knowles further ordered Oceaneering to inform WWCS of the reason it intends to continue to classify certain documents as highly confidential, as well as requiring Oceaneering to demonstrate good faith in its confidentiality designations.[15]

---

[12] R. Doc. 152-1 at 3.
[13] R. Doc. 146 at 1.
[14] *Id.*
[15] *Id.* at 1-2.

4

Additionally, after plaintiff filed its motion to continue, WWCS filed for bankruptcy. This not only caused the automatic stay addressed above, but also now means that WWCS needs the approval of the Bankruptcy court for its expenditures, including its payments to its counsel as well as its experts.

As such, the Court finds that the extensive discovery delays and the issues created by WWCS's bankruptcy constitute good cause to justify the continuance of trial.[16] Regardless of who bears more responsibility for the state of the discovery disputes, the reality is this litigation, which involves patent claims related to complicated deep sea technology and recently filed counterclaims, is not at a stage where a July trial is realistic. Therefore, WWCS's motion to continue is granted.

WWCS's motion also notes that the parties have not yet exchanged patent claim construction information or determined if a *Markman* hearing is necessary. Thus, pursuant to Federal Rule of Civil Procedure 16(b) the Court will hold a conference with the parties on May 31, 2017, at 2:00 p.m. to enter a new scheduling order with specific patent-related deadlines, in addition to the standard deadlines. A proposed schedule is attached to this

---

[16] In Oceaneering's opposition, they acknowledge delays in discovery but argue plaintiff's "dilatory actions" are to blame. R. Doc. 164 at 3-6. While WWCS is not without responsibility for the discovery issues, as Magistrate Judge Knowles' Order points out, no party is blameless.

order. The parties shall be prepared to discuss possible trial dates and the nature of contemplated motions practice at the Rule 16 conference. In addition, the parties are ordered to submit a joint three-page report discussing the discovery that has taken place to date and the discovery that remains to be done five days before the Rule 16 Conference.

The period for amendments to pleadings, third-party actions, crossclaims and counterclaims will remain closed.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to continue is GRANTED.

New Orleans, Louisiana, this __4th__ day of May, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

# **PROPOSED SCHEDULE**

| Date | Event |
|---|---|
| 6/7/17 | Parties exchange proposed terms and claim elements needing construction |
| 6/12/17 | Parties exchange preliminary claim construction and extrinsic evidence |
| 6/19/17 | Opening claim construction briefs and extrinsic evidence |
| 6/28/17 | Responsive briefs |
| 7/6/17 | Parties submit Claim Construction Chart |
| 7/13/17 at 10:00 a.m. | *Markman* hearing |
| 11/27/17 | Fact Discovery and Plaintiff Expert Deadlines |
| 12/27/17 | Defendant Expert Deadline |
| 1/5/18 | Witness List Deadline |
| 1/26/18 | Expert Discovery Deadline |
| 2/7/18 | Dispositive motions and motions *in limine* regarding the admissibility of expert testimony deadlines |
| 3/1/18 | PTC |
| 2 weeks before trial | All other motions *in limine* deadline |
| | Trial |
| | |
| | |
| | |
| | |