UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| WRIGHT'S WELL CONTROL SERVICES, LLC | CIVIL ACTION |
|---|---|
| VERSUS | NO. 15-1720 |
| OCEANEERING INTERNATIONAL, INC. | SECTION "R" (3) |

# ORDER AND REASONS

Plaintiff Wright's Well Control Services, LLC moves for reconsideration of the Court's order granting summary judgment of non-infringement of U.S. Patent No. 9,435,185.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

The facts and allegations that follow are limited to what is relevant to the two motions before the Court.[2] Plaintiff Wright's Well Control Services, LLC ("WWCS") and defendant Oceaneering International, Inc. ("Oceaneering") both provide hydrate remediation services for the oil and

---

[1] R. Doc. 327.
[2] A more in-depth discussion of the facts underlying this dispute can be found in the Court's February 5, 2018 Order. *See generally* R. Doc. 350.

gas industry. This dispute concerns a technological system that WWCS developed for removing hydrates from subsea, deepwater pipelines.[3]

On December 24, 2010, David Wright and Jeffery Dufrene filed two patent applications, each of which was directed to specific aspects of WWCS's remediation system.[4] U.S. Patent Application No. 12/978,486, now issued as U.S. Patent No. 8,413,725 ('725 Patent), describes and claims the subsea separator used in WWCS's remediation system.[5] Application No. 12/978,448, now issued as U.S. Patent No. 9,435,185 ('185 Patent), describes aspects of the entire remediation system, focusing specifically on the system's use of a subsea hydraulic positive displacement pump.[6] The '185 Patent issued on September 6, 2016.[7]

The '185 Patent contains thirteen claims, three independent and 10 dependent.[8] Claim 1, the main independent claim, is a method of recovering a pipeline fluid from a source located in a subsea environment by connecting

---

[3] According to WWCS, a hydrate is an ice-like solid that forms when water becomes mixed with oil and/or gas at high pressure and low temperature. R. Doc. 147 at 3. "Hydrate plugs" can cause a pipeline to become blocked, resulting in a loss of production. *Id.* at 3-4.
[4] *Id.* at 13 ¶ 44.
[5] *Id.*
[6] *Id.* According to WWCS, Wright and Dufrene assigned all rights and interests in both the '725 and the '185 Patents to WWCS, and WWCS is the owner of both Patents. *Id.* ¶ 45.
[7] *See* R. Doc. 147-20 at 2.
[8] *Id.* at 22-23.

a fluid-powered motor and a pump to the source of the fluid.[9] Claims 4 and 9, the other two independent claims, are a method for hydrate remediation and fluid recovery from a subsea location, and a method for acting on or removing a blockage from a pipeline fluid in a subsea environment, respectively.[10] In its operative fourth amended complaint, WWCS alleges that Oceaneering's Flowline Remediation System infringes on Claims 4 and 9 of the '185 Patent.[11] Specifically, WWCS alleges that "Oceaneering has offered to use its Flowline Remediation System, performing each and every step of at least Claims 4 and 9, on a hydrate remediation job for at least W & T Offshore since September 6, 2016."[12]

Oceaneering then moved for summary judgment of non-infringement of the '185 Patent.[13] Oceaneering argued that there was no evidence Oceaneering either made, used, offered to sell, or sold its Flowline Remediation System since the '185 Patent issued on September 6, 2016.[14] *See* 35 U.S.C. § 271(a) ("Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention,

---

[9] *Id.* at 22.
[10] *Id.* at 22-23.
[11] R. Doc. 147 at 30 ¶ 86.
[12] *Id.* at 37 ¶ 94.
[13] R. Doc. 172.
[14] R. Doc. 210-1 at 8-9.

3

within the United States . . . any patented invention during the term of the patent therefor, infringes the patent."). In response, WWCS disputed whether Oceaneering has offered to sell its Flowline Remediation System.[15] WWCS pointed to the deposition of Oceaneering employee Chris Dyer, who testified that Oceaneering had included the use of its Flowline Remediation Systems in project bids since September 2016.[16] In its reply, Oceaneering argued that an offer to sell the Flowline Remediation System cannot give rise to patent infringement because method claims, like Claims 4 and 9 of the '185 Patent, can be infringed only by actual use.[17] The Court granted Oceaneering's motion because there was no evidence of Oceaneering's use of the methods described in the '185 Patent since the patent issued on September 6, 2016.[18]

Shortly after the Court granted summary judgment of non-infringement, Oceaneering notified the Court that Oceaneering had in fact used the FRS around September 21, 2017.[19] At a status conference on October 4, WWCS represented that it would not seek to reintroduce the '185 Patent infringement claim. WWCS indicated that it would await the results

---

[15] R. Doc. 229 at 1; R. Doc. 229-1 at 4.
[16] R. Doc. 229 at 1.
[17] R. Doc. 233 at 4-5.
[18] R. Doc. 260.
[19] R. Doc. 327-3.

of an *inter partes* review of the '185 Patent, which Oceaneering initiated on September 21, 2017.[20] WWCS now moves for reconsideration of the Court's summary judgment order.[21]

## II. LEGAL STANDARD

A district court has considerable discretion to grant or deny a motion under Federal Rule of Civil Procedure 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). But "reconsideration of a previous order is an extraordinary remedy which should be used sparingly." *Fields v. Pool Offshore, Inc.*, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998); *see also Bardwell v. George G. Sharp, Inc.*, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. A moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice;

---

[20] R. Doc. 338 at 5. *Inter partes* review is a proceeding before the PTO to determine a patent's validity. *See* U.S.C. § 311.
[21] R. Doc. 327.

5

and (4) the motion is justified by an intervening change in the controlling law. *See Fid. & Deposit Co. of Md. v. Omni Bank*, 1999 WL 970526, at *3 (E.D. La. Oct. 21, 1999); *Fields*, 1998 WL 43217, at *2; *see also Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995) ("Rule 59 and Rule 60(b)(2) share the same standard for granting relief on the basis of newly discovered evidence."). "A motion to reconsider based on an alleged discovery of new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (quoting *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010)).

## III. DISCUSSION

WWCS presents newly discovered and previously unavailable evidence that Oceaneering has used its FRS since the '185 Patent issued on September 6, 2016. *See Fid. & Deposit Co. of Md.*, 1999 WL 970526, at *3. Specifically,

WWCS points to documents that detail the use of Oceaneering's FRS on a hydrate remediation project for Exxon in October 2017.[22]

Nonetheless, the Court declines to reconsider its earlier order granting summary judgment of non-infringement because the Court based its decision on then-existing facts. At the time the Court issued its order on August 28, there was no evidence that Oceaneering had used its FRS since the issuance of the '185 Patent. The Court therefore held that WWCS's infringement claim had not yet accrued, and dismissed it. The new evidence cited by WWCS does not change the fact that its infringement claim had not accrued by August 28. Instead, the evidence reveals that WWCS's claim *has since accrued.* Based on this new evidence, WWCS may file a new lawsuit asserting infringement of the '185 Patent, or seek leave to amend its complaint in this case. Thus, reconsideration of the Court's summary judgment order is not necessary to ensure that the Court "render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

---

[22] R. Doc. 327-4.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to reconsider its August 28, 2017 order.

New Orleans, Louisiana, this __9th__ day of February, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE